**ORDERED.**

**Dated:  March 04, 2025**

Jason A. Burgess
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,                      Case No.: 3:24-bk-00496-BAJ

    Debtor.                                            Chapter 7

_____/

AARON R. COHEN, Chapter 7 Trustee,

    Plaintiff,                                      Adversary No. 3:25-ap-00007-BAJ

v.

VELANOS PRINCIPAL CAPITAL, INC.,

    Defendant.

_____/

### FINAL JUDGMENT

THIS PROCEEDING came before the Court on the Motion of Plaintiff, Aaron R. Cohen,

Chapter 7 Trustee, for a Final Default Judgment (Adv. Doc. 7).  Based upon the Default entered

by the Clerk on February 19, 2025, against Defendant, Velanos Principal Capital, Inc. ("Velanos"),

for failure to serve or file any paper in response to the Complaint for Confirmation of Arbitration Award (the "Complaint") as required by law, the Declaration of Aaron R. Cohen, Chapter 7 Trustee (the "Trustee's Declaration"), and there appearing sufficient cause, the Court hereby,

**FINDS AND ORDERS:**

1. On January 10, 2025, the Trustee filed a one-count Complaint, whereby the Trustee sought to confirm the arbitration award in the amount of $20 million entered by the JAMS arbitrator (Adv. Doc. 1).

2. A Summons was issued by the Clerk on January 13, 2025.

3. A copy of the Complaint and Local Rule 7001-1 together with the Summons were served on January 21, 2025, by U.S. mail to Velanos, Attn.: Joshua Wearmouth, its Chief Executive Officer, 20101 SW Cypress Street, Newport Beach, CA 92660 and to Velanos at 4695 MacArthur Court, Suite 1100, Newport Beach, CA 92660

4. No responsive pleading or motion has been filed by Velanos within the time specified by Rule 7012, Federal Rules of Bankruptcy Procedure, and no extension of time was sought or obtained by Velanos.

5. On February 19, 2025, the Clerk issued a Default against Velanos.

6. As a result of Velanos' default, each and every allegation set forth in the Complaint, which are incorporated by reference herein, is deemed admitted by the Defendant. *See*, *e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred form contesting on appeal the facts thus established.'"); *Suntrust Bank v. Truzman*, 2010 WL 3359710, at *2 (M.D. Fla. August 6, 2010) (determining that

2

because a default was properly entered, the plaintiff was deemed to have admitted the allegations made in plaintiff's complaint); *see also* Fed. R. Bankr. P. 7055 (making Fed. R. Civ. P. 55 applicable in adversary proceedings, which provides, in part, that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default).

7.      Given the substantial, undisputed proof set forth in the Complaint, **JUDGMENT** is hereby entered against Velanos as follows:

8.      Final Judgment is hereby entered in favor of the Trustee and against Velanos.

9.      The arbitration Award is confirmed.

10.     Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Velanos Principal Capital, Inc., whose last known address is Attn. Joshua Wearmouth, its Chief Executive Officer, 20101 SW Cypress Street, Newport Beach, CA 92660, the sum of **$20,000,000.00**, that shall bear interest at the rate of nine percent (9%), as agreed by Velanos in the Settlement Agreement for which let execution issue.

11.     The Court does not retain jurisdiction to issue post-judgment enforcement orders or writs.  Enforcement of this Judgment shall be through the appropriate state court.[1]

---

[1] Ordered modified in chambers.

80188897;1

Copies to:

Raye C. Elliott, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
*Attorney for Plaintiff, Aaron R. Cohen,*
*Chapter 7 Trustee*

Velanos Principal Capital, Inc.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660

Velanos Principal Capital, Inc.
Attn. Joshua Wearmouth, its Chief
Executive Officer
20101 SW Cypress Street
Newport Beach, CA 92660

4

80188897;1